The People of the State of Illinois ex rel. Oscar Nelson,
Auditor of Public Accounts of the State of Illinois,
v: First Italian State Bank.
Matteo Pennisi and Angela Pennisi, Appellants, v.
First Italian State Bank and Chester A. Wil-
loughby, Appellees.*

Gen. No. 36,884.

WILSON, J., dissenting.

Opin-
ion filed October 24, 1934. Rehearing denied November 15, 1934.

McCLANAHAN & McCLANAHAN and ESTELLE M.
WELLS, all of Chicago, for appellants.

* This opinion which was formerly published as an abstract in volume
277 Ill. App. 612 is now ordered by the court to be published in full.

1

George A. Curran, of Chicago, for certain appellee; Walter Wm. Pearson, of Chicago, of counsel.

Mr. Presiding Justice Hebel delivered the opinion of the court.

This is an appeal by Matteo Pennisi and Angela Pennisi, who filed a petition in the circuit court of Cook county in a certain proceeding then pending, entitled People of the State of Illinois ex rel. Oscar Nelson, as Auditor of Public Accounts of said State, v. First Italian State Bank, a corporation, praying for allowance as preferred claims against the defendant of the amounts of their respective savings accounts for failure to pay after 60-day notice of withdrawal, and for continued refusal to pay the claimants the amounts deposited in their respective accounts.

This cause was referred to a master in chancery of said court, and the court upon the report of the master entered a decree, which is to the effect that the claimants were general creditors of the defendant bank, and accordingly the petitioners' claims were allowed as general claims, without interest, to be paid in the orderly administration of said estate. It is from this decree that the petitioners appeal.

From the report of the master it appears that there was no dispute that Matteo Pennisi had on deposit in his savings account with the defendant Bank, $500, and that Angela Pennisi had deposited in the savings account with the same defendant, the sum of $1,522.50, which amounts of the respective claimants were on deposit with the bank at the time the receiver in the above entitled cause took possession.

It is not disputed that various demands were made by the claimants and by other banks for them upon the defendant bank for the payment of said sums, and that all requirements as conditions precedent to the right of payment of said sums to the claimants had

been fully complied with, and it is not disputed that a customer's demand draft signed by Angela Pennisi and Matteo Pennisi for $1,522.50 was drawn and forwarded to the defendant bank by the Harris Trust and Savings Bank on behalf of the claimants on July 9, 1931, for the collection of the amount from the defendant bank.

The claimants contend that when the Harris Trust & Savings Bank presented the demand draft, signed by them, to the defendant, it was the duty of the defendant to pay the draft by collecting the amount of the draft from the savings accounts of the claimants in the bank, and it had no authority to use the proceeds of said collection by depositing the amount with the defendant bank.

We are of the opinion that neither by the presentation of a check in person by the depositor, nor by a demand made through the presentation of a draft by a drawee bank upon a depositary bank and refusal to pay, is the amount segregated from the general fund or the deposited money made a trust fund separate and apart from the general assets; that such act of the debtor in refusing to pay would justify the creditor in maintaining an action to recover the amount due and to participate as a general creditor in the funds of the bank.

In the instant case, the acts of the parties do not indicate that it was the intention to create a fund separate and apart from the general assets of the defendant bank, and the evidence does not disclose anything but that the defendant's refusal to pay the draft was its inability to meet the demand. There is no evidence that the bank collected the amount of the depositors' accounts with the defendant, or that such collection was deposited by such bank to its account. The position of a depositor in a bank is made clear by the rules governing such relation upon that subject in this State.

In a case in this court entitled *People ex rel. Nelson v. Bryn Mawr State Bank,* 273 Ill. App. 415, in which certiorari was denied by the Supreme Court, we said:

"The claimant's position is that in view of the fact that the bank was seemingly solvent and open and doing business when the check was presented, and its payment demanded and refused, that thereby his deposit became a trust fund; that the bank held it as trustee, and that such claimant is entitled to a priority over the general creditors of the bank.

"In 7 Corpus Juris, sec. 326, page 641, it is said:

" 'The relations between a bank and a depositor may be dual in character, the bank being the depositor's debtor with respect to one thing and his agent with respect to another, or his debtor at one time and his agent at another; and while the relation between the bank and a depositor in respect to a general deposit is generally regarded as that of debtor and creditor, yet in another sense the depositor is the owner of the deposit, in that he can demand repayment at any time.'

"The relationship between a bank of deposit and its depositors in this State is construed and defined in *People v. Farmers State Bank,* 338 Ill. 134, as follows:

" 'As to whether or not the account was a trust fund under the facts of this case depends primarily upon the kinds of deposits made by plaintiff in error. There are but two kinds of deposits: special and general. The former include those where the bank becomes a trustee for a depositor by special agreement or under circumstances sufficient to create a trust, and general deposits are those where the bank merely becomes the debtor of the depositor. As a rule, when money is deposited in a bank, title to such money passes to the bank. The bank becomes the debtor of the depositor to the extent of the deposit, and to that extent the depositor becomes the creditor of the bank. Such deposit

then constitutes a part of the assets of the bank, and in case of insolvency of the bank that deposit belongs to the creditors of the bank in proportion to the amount of their respective claims. Well recognized exceptions to this rule are, first, where money or other thing is deposited with the understanding that that particular money or thing is to be returned to the depositor; second, where the money or thing deposited is to be used for a specifically designated purpose; and third, where the deposit itself was wrongful or unlawful.' "

In this case there was no understanding by the parties that the particular money deposited was to be returned, or that the money deposited was to be used for a specific purpose. The money so deposited was not wrongfully received by the bank. The claimants, by the deposit of the funds in defendant's bank, and from the facts as they appear in evidence, can only be regarded as general creditors, and the fact of the demand did not establish their claim as a preferred claim to be paid prior to the claims of the general creditors. The court, therefore, in allowing their claim as a claim to be paid together with the claims of all general creditors, did not err. For the reasons indicated, the decree of the chancellor is affirmed.

*Decree affirmed.*

HALL, J., concurs.
WILSON, J., dissents.

MR. JUSTICE WILSON dissenting: I am unable to concur in the conclusion reached in the foregoing opinion. Matteo Pennisi and Angela Pennisi had money on deposit in a savings account with the First Italian State Bank. They served a 60-days' notice on the bank in accordance with the statutes and at the expiration of that time called for the money but were unable to collect it. The receiver was not appointed until

several days after the last demand and after the expiration of the 60 days.

I am of the opinion that after a demand has been made and refused and the bank is still doing business, it holds the money *ex maleficio* and it therefore becomes a trust fund and that by reason thereof is a preferred claim in favor of the depositor making a proper demand.

For the reasons stated, I dissent from the foregoing opinion.